Dear Senator Horner,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following question:
 Does House Bill 1979 (2002 Okla. Sess. Laws. ch. 321, §§ 1, 2, to be codified at 68 O.S. Supp. 2002, §§ 2368.3a[68-2368.3a], 2368.4) subject the Silver Haired Legislature to the requirements of Oklahoma's Open Meeting Act (25 O.S. 2001, §§ 301-314[25-301-314]) and Open Records Act (51 O.S. 2001, §§ 24A.1-24A.26[51-24A.1-24A.26])?
¶ 1 Oklahoma's Silver Haired Legislature is a private volunteer organization modeled after the State Legislature. It was not created by the State Legislature or any other governmental body. The Silver Haired Legislature provides older Oklahomans a forum in which to consider issues and topics of concern. Silver Haired Legislators are elected by their peers to advocate with elected officials for changes in legislation to improve conditions for the aged. The group's advocacy efforts have previously been recognized by the State's Legislature. See, e.g., S. Con. Res. 50, 48th Leg., 2d Reg. Sess. (Okla. 2002) ("[T]he Oklahoma State Legislature recognizes the Silver Haired Legislature for their contribution to the legislative process by originating concepts, programs, and policies that eventually are transformed into state legislative bills, resolutions, and interim studies.").
¶ 2 Nothing in H.B. 1979 requires the Silver Haired Legislature to follow Oklahoma's sunshine laws. We must therefore look to Oklahoma's Open Meeting Act and Open Records Act to determine if the Silver Haired Legislature is subject to the Acts' requirements.
 I. Open Meeting Act
¶ 3 The Open Meeting Act requires that "[a]ll meetings ofpublic bodies, as defined hereinafter, shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided." 25 O.S. 2001, § 303[25-303] (emphasis added). The Silver Haired Legislature is subject to the Open Meeting Act if it is a "public body" as defined by the Act. With exceptions not relevant to the question presented, the Open Meeting Act defines public body in pertinent part as follows:
 "Public body" means the governing bodies of all municipalities located within this state, boards of county commissioners of the counties in this state, boards of public and higher education in this state and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees,
public trusts or any entity created by a public trust, task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body.
Id. § 304(1) (emphasis added).
"The usual meaning of the words `committees,' `task forces' and `study groups' [as used in the above definition of public body] denotes a group of individuals, working together on a specific project or general goal." Int'l Ass'n of FirefightersLocal 2479 v. Thorpe, 632 P.2d 408, 410 (Okla. 1981). The Silver Haired Legislature, as a group of individuals working on a specific project or general goal, would be considered a public body within the definition of the Open Meeting Act if (1) it is "supported in whole or in part by public funds or entrusted withthe expending of public funds, or administering publicproperty," 25 O.S. 2001, § 304[25-304](1); or (2) it is a "subordinate entity" created by a public body and exercises actual or de facto decision-making authority on behalf of that public body. Sandersv. Benton, 579 P.2d 815, 819-20 (Okla. 1978).
 An Entity Which Is Supported In Whole Or In Part By Public Funds
¶ 4 If Oklahoma's Silver Haired Legislature receives support in whole or in part from public funds under H.B. 1979 it is a public body subject to the requirements of the Open Meeting Act. H.B. 1979 provides in pertinent part:
 A. The Oklahoma Tax Commission shall include on each state individual income tax return form for tax years beginning after December 31, 2002, and each state corporate tax return form for tax years beginning after December 31, 2002, an opportunity for the taxpayer to donate from a tax refund for the benefit of Oklahoma Silver Haired Legislature activities.
 B. The monies generated from donations made pursuant to subsection A of this section shall be used by the Department of Human Services for the following purposes:
1. a. To fund all reasonable expenses of:
(1) Oklahoma Silver Haired Legislatures,
 (2) Oklahoma Silver Haired Legislature training sessions, and
(3) Silver Haired Legislature interim studies, and
 b. Monies authorized by this paragraph may only be used for expenses incurred by Silver Haired Legislators and alternates for reasonable expenses incurred while attending called meetings; and
 2. Monies generated in excess of Fifty Thousand Dollars ($50,000.00) shall be used to fund those programs or services for senior citizens which are recommended to the Department for funding by the Oklahoma Silver Haired Legislature Alumni Association.
 C. All monies generated pursuant to subsection A of this section shall be paid to the State Treasurer and placed to the credit of the Oklahoma Silver Haired Legislature-Excellence in State Government Revolving Fund.
2002 Okla. Sess. Laws. ch. 321, § 1 (to be codified at 68 O.S. Supp. 2002, § 2368.4[68-2368.4]) (emphasis added).
 A. There is hereby created in the State Treasury a revolving fund for the Department of Human Services,
to be designated the "Oklahoma Silver Haired Legislature — Excellence in State Government Revolving Fund". The Fund shall be a continuing fund, not subject to fiscal year limitations, and shall consist of any monies transferred thereto by Section 1 of this act.
 B. All monies accruing to the credit of said fund are hereby appropriated and shall be budgeted and expended by the Department of Human Services for the purposes specified by Section 1 of this act; provided no monies in the fund shall be expended for salaries or other administrative costs, or any programs or services not authorized by Section 1 of this act.
 C. Expenditures from said fund shall be made upon warrants issued by the State Treasurer against claims filed as prescribed by law with the Director of State Finance for approval and payment.
Id. § 2 (to be codified at 68 O.S. Supp. 2002, § 2368.3a[68-2368.3a]) (emphasis added).
¶ 5 Regarding "supported in whole or in part by public funds," the Act does not define "supported." 25 O.S. 2001, § 304[25-304](1). In such cases we apply the ordinary meaning of the word. 25 O.S. 2001, § 1[25-1]. Support is defined as "to pay the costs of: maintain." Webster's Third New International Dictionary 2297 (3d ed. 1993).
¶ 6 H.B. 1979 provides, among other things, that the Oklahoma Tax Commission shall include on income tax returns an opportunity for taxpayers to donate from their tax refunds for the benefit of the Oklahoma Silver Haired Legislature. 2002 Okla. Sess. Laws. ch. 321, § 1(A) (to be codified at 68 O.S. Supp. 2002, § 2368.4[68-2368.4](A)). Monies generated by the donations shall accrue to the credit of the Oklahoma Silver Haired Legislature — Excellence in State Government Revolving Fund. Id. § 1(C). All monies accruing to the revolving fund are appropriated and shall be budgeted and expended by the Department of Human Services for the purposes specified in H.B. 1979. Id. § 2(B) (to be codified at 68 O.S. Supp. 2002, § 2368.3a[68-2368.3a](B)). Expenditures from the revolving fund shall be made upon warrants issued by the State Treasurer against claims filed as prescribed by law with the Director of State Finance for approval and payment. Id. § 2(C).
¶ 7 In essence, H.B. 1979 provides for four State agencies (Tax Commission, Department of Human Services, State Treasurer and Office of State Finance) to provide services so that the benefits of the H.B. 1979 monies can be realized by the Silver Haired Legislature. See 2002 Okla. Sess. Laws. ch. 321, §§ 1, 2 (to be codified at 68 O.S. Supp. 2002, §§ 2368.3a[68-2368.3a], 2368.4). None of these agencies may be compensated out of the donated H.B. 1979 monies for their administrative costs incurred in fulfilling the duties imposed on them by H.B. 1979. House Bill 1979 provides, "no monies in the fund shall be expended for salaries or other administrative costs." Id. § 2(B) (to be codified at 68 O.S. Supp. 2002, § 2368.3a[68-2368.3a](B)).
¶ 8 The services rendered by the four State agencies in fulfilling the mandates of H.B. 1979 constitute "support" under that word's plain and ordinary meaning — "to pay the costs of: maintain." Webster's Third New International Dictionary 2297 (3d ed. 1993). In other words, these four State agencies are maintaining and paying the costs of the system which allows the Silver Haired Legislature to realize the benefits of the donated funds. Because the Silver Haired Legislature is being supported at least in part by four publicly funded State agencies, it is a public body subject to the Open Meeting Act's requirements.
¶ 9 Because we find that the Silver Haired Legislature is supported at least in part by public funds, and therefore a public body, we need not determine if the organization is a subordinate entity with actual or de facto decision-making authority which would thereby cause it to be a public body subject to the Open Meeting Act.
 II. Open Records Act
¶ 10 Oklahoma's Open Records Act (51 O.S. 2001, §§ 24A.1-24A.26[51-24A.1-24A.26]) provides that "[a]ll records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours[.]" 51 O.S. 2001, § 24A.5[51-24A.5].
¶ 11 The Silver Haired Legislature is subject to the Open Records Act if it is a public body or a public official. A comparison between the definition of public body in the Open Records Act, 51 O.S. 2001, § 24A.3[51-24A.3](2), and the definition ofpublic body in the Open Meeting Act, 25 O.S. 2001, § 304[25-304](1), reveals that the portion of the definitions pertinent to your question is virtually identical, and that the entity must be "supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property" for the Open Records Act to apply.
¶ 12 As previously noted with respect to the discussion of the Open Meeting Act, because the Silver Haired Legislature is receiving services from four State agencies, it is being supported at least in part by public funds, which means it is a public body. Consequently, as a public body, the Silver Haired Legislature is subject to the Open Records Act's requirements.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Both Oklahoma's Open Meeting Act (25 O.S. 2001, §§ 301-314[25-301-314]) and Open Records Act (51 O.S. 2001, §§ 24A.1-24A.26[51-24A.1-24A.26]) apply to the Silver Haired Legislature, because the organization is supported at least in part by publicly funded State agencies under House Bill 1979 (2002 Okla. Sess. Laws. ch. 321, §§ 1, 2, to be codified at 68 O.S. Supp. 2002, §§ 2368.3a[68-2368.3a], 2368.4), thereby rendering the Silver Haired Legislature a public body subject to the requirements of Oklahoma's Open Meeting Act and Open Records Act.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JANIS W. PRESLAR Assistant Attorney General